DANIEL CAMPBELL *vs.* OLIVER SHATTUCK.

*Franklin,*
January,
1827.

If any minister of the gospel or justice of the peace, join any minor in marriage, without a certificate of the *publication* of the intention of such marriage, he incurs the penalty of the statute, notwithstanding the parents of such minor may have *consented* to such marriage; and the minister or magistrate have been certified thereof, previous to the solemnization.

THIS was an action of debt, to recover of the defendant a penalty of seventy dollars, under the act regulating marriage and divorce, for having joined in marriage a minor daughter of the plaintiff, of the name of *Betsey,* and one *James Peters, jr.* without a publication of the intention of such marriage.

On the trial of the issue in the county court, upon the plea of *Nil debet,* it was stated by the plaintiff, and admitted by the defendant, that the plaintiff is the father of the said *Betsey Campbell,* and that the defendant, being a justice of the peace within and for the county of Franklin, duly qualified, joined the said *Betsey* in marriage with the said *James,* at the time and place set forth in the declaration; that the intention of said marriage had not been published or posted up in the vicinity, as required by the third section of the statute, entitled "An act regulating marriages and divorce," and the defendant joined the said *Betsey* in marriage with the said *James,* without a certificate that the intention of marriage between them had been published agreeably to law. But the defendant insisted, at the same time, that the parents of the said *Betsey* gave their consent to the said marriage, and that he was notified of the same before the solemnization thereof, and that such consent rendered the publishment of the intention of said marriage unnecessary, and was a sufficient bar to the plaintiff's action.

The counsel for the plaintiff contended, and the Court determined, that admitting the fact to be true, yet such consent of the parents of the said *Betsey* was irrelevant and immaterial, and formed no bar to the plaintiff's action. And the Court directed the jury, that if the intention of said marriage was not published or posted up in the vicinity, as required by the third section of the statute aforesaid, and the defendant joined the said *Betsey* in marriage with the said *James,* without a certificate that the intention of marriage between them had been published, according to the provision of the statute aforesaid, the defendant had incurred the penalty sued for, and they would return a verdict for the plaintiff. And thereupon the jury returned a verdict accordingly.

This opinion and direction of the county court was excepted to, and certified to this Court, for their final decision thereon. And the defendant moves the Court, that the judgment of the county court be reversed, and a new trial granted to him, for the cause appearing in the exceptions aforesaid.

*Reed,* in support of the motion, contended, that the consent of the parent to the marriage of his child, being a minor, fully answers the requisitions of the statute. For, first, the object of

Franklin,
January,
1827.

Campbell
vs.
Shattuck.

the statute is then accomplished, it having nothing more in view than to prevent the clandestine marriages of such as the law considers of inability to act and judge for themselves. That so important a relation as that of husband and wife should not be created by an infant, without the knowledge and consent of the parent, or of him who stands in *loco parentis*, having the charge of his person and property.—*Reeves' Dom. Relations*, 290.— *Brayt. R.* 258.—1 *Bl. Com.* 452.

2. The object of that section of the statute, which directs a publication of the intention of marriage, is to give this notice to such parent, or person in *loco parentis*, that they may have an opportunity to exercise their paternal duties upon the subject of their charge, by preventing or consenting to such relation.

3. Penal statutes should be strictly construed, and the literal construction of the statute does not imply that publication is necessary, when this consent is obtained. For the statute is in the disjunctive; that the penalty shall be incurred, unless there is publication, *or* consent, in case of a minor. It does not say there shall be publication *and* consent.

4. The consent of the parent to the marriage waives all claims against the person solemnizing such marriage, in favour of such parent. For the law will not suffer a man to take advantage of his own wrong, so far as to give him a penalty against another, for doing that act to which he himself has consented, and which would not have been done without consent.

*Allen*, contra, cited *Ellis* vs. *Hull, ante, p.* 41.

The opinion of the Court was pronounced by

Skinner, Ch. J.   The case shows it was conceded on the trial, that the plaintiff is the father of the said Betsey Peters; the defendant a justice of the peace, and as such joined her in marriage with the said James Peters, jr. That the defendant was not certified or informed of the intention of marriage having been published or posted, nor had the same been done. The defendant stated, and it does not appear to have been questioned, that the parents of said Betsey gave their *consent*, of which he, the defendant, before solemnizing the marriage, had notice. The Court decided, and so instructed the jury, that if the intention of marriage had not been published, and the defendant had not been certified of the fact, before the marriage, he had incurred the penalty, and the plaintiff was entitled to a verdict, &c.

The importance of marriage contracts, not only to the parties themselves, but to the community at large, and more especially to family connexions and relations, attracted the attention of government at an early day, and moved the legislature to enact laws calculated to restrain and check their hasty and unadvised consummation. The first statute on the subject was passed in the year 1779, immediately after the formation of the government, containing similar provisions to the one now in force. That statute, in the first clause, forbids the marrying of any persons, without publication, and if minors, without consent

*Franklin,*
*January,*
1827.

Campbell
*vs.*
Shattuck.

of parents, &c. and in the second, declares, "that any person that shall presume to join any man or woman together in marriage, before he is certified that such purpose of marriage has been published as aforesaid, and if minors, without consent as aforesaid, shall forfeit, &c." In the statute of 1787, the language of the clause imposing the penalty, is, "nor shall any of the persons before mentioned presume to marry any man and woman before he is certified that such intention of the parties has been published as aforesaid, or before such magistrate or minister is certified of the consent of the parents or guardians, (if any there be) if either party be under age, on pain of forfeiting, &c.

In the first statute, the penalty is given to the county treasurer; in the second, to the prosecutor and county treasurer. It is believed no doubt could arise in the construction of either of these statutes, and from a careful comparison of them with the statute of 1797, it is manifest nothing more was intended, than to change the form, correct the language, and give the penalty to the parent instead of the publick, or such person as might prosecute. Neither publication or consent of parents was intended to be dispensed with. The third section of the statute of 1797 requires, "that previous to *any* marriage being solemnized between *any two persons*," the intention shall be published, &c. It is very clear the marriage of minors and adults are alike embraced in this section. The intention of the Legislature manifestly was, to give notice to all who might feel an interest in the welfare of the parties, that an opportunity might be afforded of furnishing information of any facts within their knowledge, or of giving counsel calculated to influence the parties in their course, and if expedient, arrest the proceeding.

If publication cannot be dispensed with, the parties being adults, no satisfactory reason can be given why it should be omitted, the parties being minors. The necessity of giving publick notice, that an opportunity may be afforded of being informed, advised, &c. is surely as material in the latter case as in the former, and if the consent of parents is an adequate and proper substitute in the one case, it must be so in the other; besides, if it is proper and requisite that publick notice should be given to enable the parties themselves to acquire a knowledge of facts, or to obtain counsel material to the issue, they being adults, it is equally so they being minors, to aid and direct the parents. This view of the subject is presented, not so much for the purpose of aiding in that construction we have given to the statute, and which we believe to be according to the plain and obvious reading, as to oppose the suggestion, that the intention of the legislature will be violated, by adhering to the letter. There are many cases in which the general words of a statute are to be restrained in *favour* of persons upon whom a penalty is inflicted. But where a statute, whether penal or remedial, is clearly and unequivocally expressed, and the signification manifest, courts are not at liberty, by construction, in view of its be-

Franklin,
January,
1827.

Campbell
vs.
Shattuck.

ing hard or unreasonable, to restrain its effect and operation. We think the obvious meaning of the legislature, as expressed in the 4th section of the statute, is to embrace two distinct cases in which the penalty is incurred. The one the joining in marriage of all persons, whether minors or adults, without a certificate of publication. The other the joining in marriage minors only, without being certified of the consent of parents. The first clause of the section is, "if any minister of the gospel or justice of the peace shall join *any* persons in marriage, without a certificate," &c. without reference to age. The next clause refers to minors only, and to repeat that which is necessary to be understood, or implied, to give force to the clause, it will read thus: "or if any minister of the gospel, or justice of the peace shall join any persons in marriage, before such minister or justice is certified of the consent of parents, &c. if either party be a minor, they shall severally forfeit," &c. But, as if to leave no doubt as to its intention, the legislature have added, "or shall otherwise than is expressly allowed by this statute, join any persons in marriage," &c.

*Ante, p. 41.  In the case of *Ellis* vs. *Hull*,* at the last term of this Court, in this county, it was decided, that publication without consent of parents, would not justify the marriage. From that construction of the statute, it follows, of course, that the penalty is incurred in this case, unless publication is to be considered necessary only in case of the marriage of adults, which would evidently be a perversion of the statute.

> Motion denied, and the judgment of the county court affirmed, &c.

Prentiss, J. absent, by reason of indisposition.

*H. Allen*, for the plaintiff.

*David Reed* and *B. Turner*, for the defendant.